```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-10-2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHERRI RAGIN,                                          :
                                                       :
                      Plaintiff,                       :     **MEMORANDUM ORDER**
                                                       :
        -v-                                            :     21-CV-8172 (JGK) (JLC)
                                                       :
SUN LIFE ASSURANCE CO. OF CANADA,                      :
                                                       :
                      Defendant.                       :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

Plaintiff Sherri Ragin has filed a letter-motion dated May 17, 2022 seeking discovery beyond the administrative record in this case brought pursuant to the Employee Retirement Income Security Act ("ERISA"). Dkt. No. 26. Defendant Sun Life Assurance Company of Canada administered Ragin's disability plan, an ERISA-governed plan, and determined that she was not entitled to long term disability benefits, thus resulting in this lawsuit. Ragin seeks discovery beyond the administrative record in order to demonstrate that Sun Life had a financial conflict of interest in administering her disability plan and that this conflict improperly impacted its denial of benefits. *Id.* at 2.[1] In opposing the motion, Sun Life contends

---

[1] Specifically, Ragin is asking for documents and information relating to the following three categories:

  1) The financial relationship between Defendant and the medical/vocational reviewers and benefit representatives/analysts who conducted reviews of Plaintiff's claim and/or determined that Plaintiff is not entitled to benefits under the Plan;

1

that Ragin has failed to "make the requisite good cause showing to permit discovery" beyond the administrative record in this case. Dkt. No. 32, at 1.

It is well-settled that "[i]n an ERISA case, the Court's review is ordinarily limited to the administrative record that was before the plan administrator when it made its benefit determination." *Cohen v. CME Group Inc. Severance Plan*, No. 21-CV-5324 (JMF), 2022 WL 1720318, at *2 (S.D.N.Y. May 27, 2022) (citations omitted). "The presumption is that review is limited to the record in front of the claims administrator unless the district court finds good cause to consider additional evidence." *Flowers v. Hartford Life & Accident Insurance Co.*, No. 21-CV-5388 (MKV), 2021 WL 6066019, at *1 (S.D.N.Y. Nov. 18, 2021) (quoting *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003)). Courts, however, have held that a plaintiff may be permitted to obtain extra-record discovery where there is a "reasonable chance that the requested discovery will satisfy the good cause requirement." *Id.* (quoting *Smith v. First Unum Life Ins.*, No. 19-CV-298 (NSR), 2020 WL 6281451, at *5 (S.D.N.Y. Oct. 21, 2020)).[2]

---

2) Data regarding past determinations made by the medical reviewers who conducted reviews of Plaintiff's claim and/or determined that Plaintiff was not disabled under the terms of the Plan; and

3) Internal guidelines, instructional manuals, training documents, policies, procedures, claims manuals, and memoranda concerning the interpretation and/or administration of the Plan.

Dkt No. 26, at 2.

[2] The Court in *Cohen* observed that judges appear to disagree about the applicable standard, with some citing the "reasonable chance" standard and others finding that a special standard to govern ERISA cases is unwarranted. *Cohen*, 2022 WL 1720318, at *2 n.2. *See also Smith*, 2020 WL 6281451, at *5 ("no binding precedent

The issue of extra-record discovery in ERISA often comes up in cases where the plan at issue has an administrator who both evaluates and pays benefits claims. Courts take such conflicts into account when assessing whether there was an abuse of discretion by the plan administrator. *Cohen*, 2022 WL 1720318, at \*2 (citing *McCauley v. First Unum Life Ins. Co.* 551 F.3d 126, 133 (2d Cir. 2008)); *see generally Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008) (where an administrator "both funds the plan and evaluates the claims," an inherent conflict of interest exists because "every dollar provided in benefits is a dollar spent"). Notably, the fact that an administrator may be conflicted, without more specificity or citation to evidence, is insufficient to justify extra-record discovery. *See, e.g., Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 296 (2d Cir. 2004) ("a conflicted administrator does not *per se* constitute good cause, and [the Second Circuit] [has] cautioned district courts that a finding of a conflicted administrator alone should not be translated *necessarily* into a finding of good cause"). As the *Smith* court explained, "a plaintiff may not rely upon a bare allegation of the existence of a conflict of interest," but must demonstrate "some factual support for the position

---

or rule mandating fidelity to the 'reasonable chance' standard when determining requests for discovery outside of the scope of the administrative record in ERISA cases . . . . but both parties encourage this Court to use the 'reasonable chance' standard and this Court concludes that the standard is useful and appropriate insofar as it appropriately balances, on the one hand, the needs of ERISA plaintiffs to obtain discovery in order to make a good cause showing for the introduction of evidence outside of the administrative record with, on the other hand, the significant policy interests of minimizing the cost of claim disputes"). Here, as both Ragin and Sun Life agree on the "reasonable chance" standard , this Court will apply that standard.

that the conflict of interest influenced a claim denial determination within the administrative record." *Smith*, 2020 WL 6281451, at *6 (citations omitted).

In this case, Ragin has failed to establish a reasonable chance that the requested discovery will satisfy the good cause requirement. As Sun Life points out, Ragin's letter-motion does not "identify any facts or examples from the administrative record demonstrating that any decision was influenced by a conflict of interest" and Ragin "has also not even attempted to allege any such facts." Dkt. No. 32, at 3-4. Ragin explains in general terms how each category of information requested might demonstrate a conflict of interest, but she has not provided any support or a basis for her allegation of a possible conflict of interest. Dkt. No. 26, at 2-4. Sun Life reports that in making its determination regarding Ragin's claim, it spoke to her treating physicians, and obtained medical reviews from a registered nurse, a board-certified neurologist, and board-certified orthopedic surgeon. Dkt. No. 32, at 1. Nothing in Ragin's letter-motion identifies any specific conflicts for any of these medical sources. *Cf. Cohen*, 2022 WL 1720318, at *2 (claimant "provides some, albeit preliminary evidence in support of . . . contention" that "benefits determination was tainted by the plan administrator's conflict of interest"). Moreover, the information Ragin is seeking, identified in footnote 1 of this Memorandum Order, is entirely generic in nature. Without any particularity or references to the administrative record, the Court cannot find that there a reasonable chance that this requested discovery satisfies the good cause requirement. In sum, Ragin's claim of a conflict of interest is entirely conclusory in

nature. Accordingly, her letter-motion seeking extra-record discovery is denied.[3]

The Clerk is respectfully directed to mark Docket No. 26 as "denied."

**SO ORDERED.**

Dated: June 10, 2022
       New York, New York

                                                         _____
                                                         JAMES L. COTT
                                                         United States Magistrate Judge

---

[3] Because Ragin has not established a reasonable chance that the requested discovery will satisfy the good cause requirement, the Court does not reach the merits of her demands, and whether they are overly broad and/or unrelated to bias and the structural conflict of interest.